***E-FILED - 5/7/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT SIMMS, | ) | No. C 09-1353 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| | ) | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend.

**BACKGROUND**

Plaintiff alleges that the California Department of Corrections and Rehabilitation ("CDCR") failed to lift a hold on him, keeping him locked up beyond his mandatory revocation limitation. Plaintiff claims this violated his right to have a hearing within 35 working days.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.Rmw\CR.09\Simms353dwlta.wpd        1

1  U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any
2  claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or
3  seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2).
4  Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901
5  F.2d 696, 699 (9th Cir. 1988).

6  B.    Legal Claims

7      Plaintiff is urged to bear in mind that to state a claim under 42 U.S.C. § 1983, he must
8  allege two elements: (1) that a right secured by the Constitution or laws of the United States was
9  violated, and (2) that the violation was committed by a person acting under the color of state law.
10 See West v. Atkins, 487 U.S. 42, 48 (1988). In order for a complaint to state a claim arising
11 under federal law, it must be clear from the face of plaintiff's well-pleaded complaint that there
12 is a federal question. See Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir.
13 1997).      Here, plaintiff fails to allege a violation of a right secured by the Constitution or
14 laws of the United States. This court does not have subject matter jurisdiction over a prisoner
15 complaint without a federal question or federal statute at issue. It is unclear what violation, if
16 any, plaintiff alleges occurred.

17     As such, plaintiff will be granted leave to amend to allege specifics. In his amended
18 complaint, plaintiff must establish legal liability defendant for the claimed violation of his rights.
19 Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show
20 that the defendant proximately caused the deprivation of a federally protected right. See Leer v.
21 Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125
22 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of
23 section 1983 if he does an affirmative act, participates in another's affirmative act or omits to
24 perform an act which he is legally required to do, that causes the deprivation of which the
25 plaintiff complains. See Leer, 844 F.2d at 633. Sweeping conclusory allegations will not
26 suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's"
27 deprivation of protected rights. Id. at 634. Plaintiff should also be aware that a city or county
28 cannot be held vicariously liable for the unconstitutional acts of its employees under the theory

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.Rmw\CR.09\Simms353dwlta.wpd        2

of respondeat superior. Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978) (rejecting concept of respondeat superior liability in § 1983 context and requiring individual liability for constitutional violation).

Without this basic information, the complaint cannot proceed. Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint.

## CONCLUSION

1. Plaintiff's complaint is DISMISSED without prejudice with leave to amend.

2. Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above. The amended complaint must include the caption and civil case number used in this order (09-1353 RMW (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint within thirty days and in accordance with this order with result in dismissal of these claims.**

4. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

5. It is the plaintiff's responsibility to prosecute this case. Plaintiff's must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 5/6/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.Rmw\CR.09\Simms353dwlta.wpd         3