***E-FILED - 7/6/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SIMMS,<br>Plaintiff,<br>v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br>Defendants. | No. C 09-1353 RMW (PR)<br>ORDER OF DISMISSAL |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The court dismissed the original complaint with leave to amend for failing to state a claim. As ordered, plaintiff filed an amended complaint within the proscribed time. For the reasons stated below, the court dismisses the complaint.

**BACKGROUND**

In plaintiff's amended complaint, plaintiff alleges that the California Department of Corrections and Rehabilitation ("CDCR") and two state officers denied him a parole revocation hearing within the required thirty-five days. Plaintiff further alleges that his hearing was delayed for three weeks without his consent. Plaintiff claims this violated his right to due process and right against cruel and unusual punishment..

## DISCUSSION

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

B. Legal Claims

1. Due Process

Plaintiff claims that prison officials illegally delayed his parole revocation hearing by more than three weeks which violated his right to due process. Although a parolee is not entitled to the full array of rights that a defendant possesses in a criminal prosecution, he is entitled to due process in revocation hearings as set out in Morrissey v. Brewer, 408 U.S. 471 (1972). The revocation hearing may not be unduly delayed, however. In Morrissey, the Court held that a parolee is entitled to have a parole revocation hearing within a reasonable time after he is taken into custody and that two months was not an unreasonable amount of time. A constitutional violation is made out if the parolee can show that the delay in holding the hearing was both unreasonable and prejudicial to his rights. See id. at 488.

Here, plaintiff claims that his hearing was delayed by more than three weeks, which is less than the reasonable two-month delay. See id. Furthermore, plaintiff does not allege prejudice, nor does he state facts that would support any prejudice. Accordingly, plaintiff's allegation regarding his delayed parole revocation hearing, liberally construed, does not implicate his right to due process, and therefore does not state a cognizable claim for relief under § 1983.

2. Cruel and Unusual Punishment

Plaintiff also makes a blanket statement that the delay in holding his parole revocation

hearing resulted in cruel and unusual punishment.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, see Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, see id. (citing Wilson, 501 U.S. at 297).

In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. See id. at 732-733.

The requisite state of mind to establish an Eighth Amendment violation depends on the nature of the claim. In prison-conditions cases, the necessary state of mind is one of "deliberate indifference." See, e.g., Farmer, 511 U.S. at 834 (inmate safety); Helling, 509 U.S. at 32-33 (inmate health); Wilson, 501 U.S. at 302-03 (general conditions of confinement); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (inmate health).

Here, even after the court dismissed plaintiff's original complaint with leave to amend for failing to allege specific facts sufficient to state a claim, plaintiff merely makes a conclusory allegation of "cruel and unusual punishment." Based on the amended complaint, the court finds that plaintiff has failed to allege facts that are sufficiently serious to satisfy the objective

component or a requisite state of mind of a cognizable claim of cruel and unusual punishment, under the Eighth Amendment, based on a conclusory allegation of a delay in receiving his parole revocation hearing. Accordingly, plaintiff's claim of cruel and unusual punishment is DISMISSED for failure to state a claim for relief. .

In the court's order dismissing the original complaint with leave to amend, it described the deficiencies of the complaint and how the deficiencies could be cured. Further, the order advised the plaintiff that the failure to cure those deficiencies would result in the dismissal of the claims. Because plaintiff's amended complaint, even liberally construed, again fails to state a cognizable claim for relief under § 1983, plaintiff's amended complaint is DISMISSED.

**CONCLUSION**

The instant complaint is DISMISSED for failure to state a cognizable claim under § 1983. The clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 7/2/09

RONALD M. WHYTE
United States District Judge